GEORGE SNYDER CRILLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDGAR CRILLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK LLOYD CRILLY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ERMINNIE CRILLY MATHEWS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ISABELLE CRILLY BUTLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17211–17215, 28646–28650, 37951–37954, 38758. Promulgated February 27, 1929.

*E. Barrett Prettyman, Esq.*, and *Benjamin M. Price, Esq.*, for the petitioners.

*A. H. Fast, Esq.*, for the respondent.

OPINION.

MARQUETTE: The petitioners are the life tenants of a trust which holds among its assets certain depreciable property. The entire income of the trust for the years 1921, 1922, and 1923, computed without setting aside and retaining in the trust any amount to compensate for exhaustion, wear and tear of the depreciable property, was distributed among the petitioners, and they claim that the amount of the depreciation sustained by the trust should be allowed to them as deductions from their gross income.

These cases are practically identical in substance with, and involve the same principle as, *Louise P. V. Whitcomb et al.*, 4 B. T. A. 80; aff'd. *Whitcomb* v. *Blair*, 25 Fed. (2d) 528; *Arthur H. Fleming*, 6 B. T. A. 900; *Kate Fowler Merle-Smith*, 11 B. T. A. 254; and *Roxburghe* v. *United States*, 64 Ct. Cls. 233, wherein it has been uniformly held that a life tenant receiving his share of the distributable income of

a trust is not entitled to deduct, in computing his taxable income, any allowance for the exhaustion, wear and tear of the trust assets, and that a distribution to such life tenant from a depreciation reserve set up by the trust does not represent in his hands a distribution of capital which is nontaxable to him. The reasons upon which these conclusions are based are fully set forth in the several opinions and their restatement will serve no useful purpose here. We are of opinion that the decisions in the cases cited are controlling and decisive of these proceedings, and that the determination of the respondent should be approved.

*Judgment will be entered for the respondent.*